{¶ 16} I concur. This Court has held on many occasions that a Civ. R. 60(B) motion cannot serve as a substitute for issues that can be properly raised on appeal. In her second *Page 10 
assignment of error, Appellant has argued that the trial court erroneously journalized the parties' final divorce decree where the journal entry did not contain the signatures of both parties and their counsel in contravention of the trial court's local rules. This assignment of error is based upon matters contained in the record and as such, Appellant was required to initiate an appeal.
 {¶ 17} With respect to her first assignment of error, while I recognize that Joint Exhibit A is contained in the record, I believe that Appellant could have properly brought a Civ. R. 60(B) motion or initiated a direct appeal. A Civ. R. 60(B) motion permits a party to collaterally attack the judgment of the trial court by raising matters such as fraud that would require presentation of evidence outside of the record. A direct appeal limits this Court to considering solely what is contained in the record. Thus, without the additional evidence outside of the record afforded via a Civ. R. 60(B) motion, this Court is constrained to evaluate the trial court's action in journalizing the divorce decree based solely on the record before it.
 {¶ 18} In reviewing the record, and employing the "abuse of discretion" standard, I believe that it was unreasonable for the trial court to journalize the divorce decree under circumstances where the trial court informed the parties that they would each sign the agreement prior to submitting it to the trial court for its signature, and where such action was contrary to the trial court's local rule requiring the signature of both parties and the attorneys of record.